UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYDNEY PETITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2056** |
| **ROBERT C. LOWE ET AL** | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court are defendants Jeffrey M. Hoffman, Hoffman, Nguyen & Kuehl, LLC, Lowe Stein, LLC and Robert C. Lowe's joint motion to dismiss (Rec. Doc. 14), plaintiff Sydney Petite's response in opposition (Rec. Doc. 17), defendant's reply in support (Rec. Doc. 19), and plaintiff's sur-reply (Rec. Doc. 27). For the following reasons,

**IT IS ORDERED** that defendants' joint motion to dismiss (Rec. Doc. 14) be **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is a 28 U.S.C. § 1332 diversity jurisdiction action based on negligence and/or gross negligence, as well as legal malpractice. Rec. Doc. 1 at 2. The claim arises from Robert C. Lowe, Jeffrey Hoffman, and each attorney's respective firm's work on the plaintiff's state court divorce case. In the petition, plaintiff alleges that throughout the duration of her marriage, her then husband Hinds subjected her to violent physical abuse. Rec. Doc. 1 at 3 ¶ 9. After years of marriage, plaintiff filed a petition for divorce and an amended petition for divorce, respectively in August of 2018 and June of 2020. *Id.* at 3 ¶ 10. In both petitions, plaintiff highlighted details of her ex-husband's criminal domestic abuse and sought sole custody of her three children under the provisions of the Louisiana Post-Separation Family Violence Relief Act. *Id.* Plaintiff alleges that due to the abuse she incurred, she had a cause of action in tort against Hinds for compensatory and exemplary or punitive damages under Louisiana law, specifically article 2315.8. *Id.* at 3 ¶ 12. Because of physical abuse crimes committed by her husband against her, plaintiff amazingly values such

1

abuse as worthy in settlement of three million ($3,000,000.00) dollars and characterizes the abuse claim in tort. Plaintiff argues the tort award would have been recoverable from husband Hinds, especially as it could not have been discharged in bankruptcy. *Id.* at 4 ¶ 13. Additionally, she notes the tort action was limited to a two-year prescriptive period that began to run when the divorce was granted. *Id.* at 4 ¶ 14.

Regarding this lawsuit, plaintiff states she retained attorneys Robert C. Lowe and Jeffrey M. Hoffman to represent her in the divorce case. *Id.* at 4 ¶ 15. Both attorneys continuously represented her from March 2020 through May of 2024. *Id.* at 3 ¶ 11; *Id.* at 4 ¶ 15. Plaintiff acknowledges that the attorneys utilized her history of being abused by her husband when filing pleadings and submitting legal argument on plaintiff's behalf in the divorce proceedings. *Id.* at 5 ¶ 17. Nonetheless per the plaintiff, at no time during their representation did either defendant inform Petite of her rights to bring a tort action against her ex-husband. *Id.* at 5 ¶ 17.

On October 18, 2024, defendants filed this motion to dismiss for failure to state a claim. Rec. Doc. 7. Plaintiff has opposed to which defendants reply. Rec. Docs. 17 and 19. Plaintiff then submitted a sur-reply on November 26, 2024, Rec. Doc. 27. An amended complaint was filed to alternatively claim that defendants failed to timely advise that could sue her prior divorce attorney for malpractice due to that attorney's failure to pursue a tort action against the husband. Rec. Doc. 37 at 6 ¶20.

## LAW AND ANALYSIS

### A. Motion to Dismiss Standard

When deciding whether a plaintiff has met the burden of showing facial plausibility for a claim, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action,

2

supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge [] their claims across the line from conceivable to plausible." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007) (citation omitted). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quotation omitted); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). The Court may take judicial notice of public records while conducting a 12(b)(6) analysis. *See Viking Constr. Grp., LLC et al. v. Satterfield & Pontikes Constr. Grp., et al.*, No. 17-12838, 2018 WL 398751, at *4 n.18 (E.D. La. Jan. 12, 2018); *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017). Otherwise, if "matters outside of the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Defendants contend that after filing for a Louisiana Uniform Abuse Protection Order ("**TRO**") and divorce, plaintiff and her ex-husband entered a Consent Judgment on February 19, 2019 ("**Judgment**"). Rec. Doc. 14-1 at 2. Stated in this Judgment, defendant claims is plaintiff's agreement "to dismiss 'with prejudice' the Petitions for Protection filed by her against her husband, for the violence and abuse she alleged her then husband had committed against her." Rec. Doc. 14-1 at 3-4. Further, defendant highlights that the Lowe defendants were engaged to take over plaintiff's case in March 2020, after the Judgment occurred. Rec. Doc. 14-1 at 4.

Defendants insist that plaintiff voluntarily relinquished whatever claims she might have had against her ex-husband when she and her then counsel negotiated the February 19, 2019, judgment. *Id.* Furthering their argument, defendants provide that the judgment unequivocally released all tort claims plaintiff held with prejudice. *Id.* Thus, defendants declare any claim plaintiff would have brought would have been barred by *res judicata*. *Id.* Per the defendants because plaintiff waived her claim, defendants could not have been the cause of her perceived loss. Rec. Doc. 14-1 at 5.

Here, plaintiff references in her original pleading her divorce filing. *See* Rec. Doc. 1 at 3. The petitions for divorce and protective orders were included in defendant's motion for dismissal filing. *See* Rec. Docs. 14-3. Additionally, the defendants also include the 2019 Consent Judgment in their motion for dismissal filing. *See* Rec. Doc. 14-6. All of these documents are central to plaintiff's complaint and are either attached to plaintiff's initial pleading or defendant's motion to dismiss. *See* Rec. Docs. 1 and 14. Thus, all are appropriately considered in this Rule 12(b)(6) motion.

B. **Jurisdiction and Application of Louisiana Substantive Law**

The plaintiff is pursuing a malpractice claim rooted in state law between parties with diverse citizenship. It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law'." *Shady Grove Orthopedic*

4

*Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Iberiabank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 344 (5th Cir. 2020)). Thus, Louisiana substantive law applies.

C. **Louisiana Malpractice Claim**

Louisiana tort law governs legal malpractice claims. Being that legal malpractice claims in Louisiana are negligence claims, they derive from Louisiana Civil Code articles 2315 and 2316. *Ewing v. Westport Ins. Corp.*, 2020-00339 La. (11/19/20), 315 So.3d 175, 182 (citing Frank L. Maraist, 21 La. Civ. L. Treatise, *Louisiana Lawyering* § 18.1 (2020)). To establish a valid legal malpractice claim, a claimant must show evidence which is sufficient to prove (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence. *See MB Indus., L.L.C. v. CNA Ins. Co.*, 2011-0303 (La. 10/25/11), 74 So. 3d 1173, 1184 (citing *Teague v. St. Paul Fire and Marine Ins. Co.*, 07-1384 (La. 2/1/08), 974 So. 2d 1266, 1272; *see also Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So.2d 129, 138). The plaintiff bears the burden of proving each of these elements. *Costello*, 03-1146, p.9, 864 So.2d at 138.

Defendants essentially argue that plaintiff's claims are estopped due to res judicata, thusly foreclosing proof of loss. Assuming arguendo that defendants are correct, plaintiff's claims would be estopped.

### Loss Caused by Alleged Negligence

The third element of legal malpractice requires a plaintiff to show evidence that the defendant's negligence caused the plaintiff a loss. *MB Indus.*, 11-0303, p.15, 74 So.3d at 1187. To prove this element, plaintiff must prove that the attorney's performance would have prevented the loss. *Henry v. Ahern*, 2021-0438, p.15 (La. App. 4 Cir. 2/9/22), 335 So. 3d 871 (citing *Holland v.*

5

*Hornyak*, 07-394 (La. App. 5 Cir. 11/27/07), 971 So. 2d 1127, 1231). If a loss would have resulted irrespective of alleged negligence, then the plaintiff's claim fails. *Id.*

Plaintiff Petite asserts that defendants failed to inform her of her legal right to bring a tort cause of action against her ex-husband which would have entitled her to recover compensatory and exemplary damages. Rec. Doc. 1 at 6 ¶ 19-20. Petite's amended complaint asserts when defendants failed to advise her of a right to sue Jesse P. Lagarde, Esq.in tort during their representation of her in the divorce action when her malpractice claim against Lagarde was still viable, constituted an injury. Rec. Doc. 37 at 6 ¶20. However, defendants strongly argue that plaintiff had no right to sue, as plaintiff waived her tort claim when she entered the Consent Judgment with related dismissal orders of all claims. *See* Rec. Docs. 14-1 and 19.

The Full Faith and Credit Statute, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466 (1982). The plaintiff's claims in the above captioned matter will follow the same rule. Further, "[a]s a matter of federal common law, federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interest." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citing *Semtek Int'l Inc. v. Lockheed* 36 *Martin Corp.*, 531 U.S. 497, 508 (2001)). Here, the plaintiff's divorce litigation was filed in Louisiana. Thus, Louisiana Revised Statute 13:4231 is the statute which will govern, as a Louisiana Court would apply this statute when determining whether a suit is precluded by res judicata. LA. STAT. ANN. § 13:4231 (2024).

The Louisiana res judicata statute provides, "except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct

6

review." *Id.* In the germane part of the statute, "[i]f the [valid and final] judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." LA. STAT. ANN. § 13:4231(2) (2024). "A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." LA. STAT. ANN. § 13:4231(3) (2024). "The four prerequisites for the application of res judicata under La. R.S. 13:4231 are: (1) the parties must be identical in both suits, or in privity; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a [valid and] final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1026 (5th Cir. 2012) (citing LA. STAT. ANN. § 13:4232 (2024)); *see also Countrywide Home Loans Servicing, LP v. Thomas*, 2012-CA-1304, p. 4 (La. App. 4 Cir. 03/20/13), 113 So. 3d 355, 358-359; *Stevenson v. International Paper Co.*, 516 F.2D 103, 108 (5th Cir. 1975).

      The dispute in this matter centers on whether the Consent Judgment and various protective order dismissals constitute a final resolution to plaintiff Petite's tort claims against her ex-husband. Louisiana Civil Code provides that a "transaction or compromise between two or more parties, who by mutual consent adjust their differences to prevent or resolve a lawsuit, carries force equal to the authority of adjudicated disputes." *Graugnard v. Graugnard*, 2022-0252, p. 7 (La. App. 4 Cir. 6/9/22), 342 So. 3d 1022, 1027 (citing *Robert v. Carroll*, 97-0854, pp. 1-2 (La. App. 4 Cir. 9/10/97), 699 So. 2d 1103, 1104; LA. CIV. CODE ANN. art. 3071). Additionally, Civil Code article 3071 provides that "a compromise between parties acts to 'settle a dispute or an uncertainty concerning an obligation or other legal relationship.'" *Id.* (citing LA. CIV. CODE ANN. art. 3071).

Moreover, a compromise "precludes the parties from bringing a subsequent action based upon the matter that was compromised." *Id.* at 8.

If defendants could clearly demonstrate that plaintiff's tort claims are barred, their motion to dismiss would be granted. Unfortunately, defendants have not yet provided clear evidence for that at this stage. Defendants' reference to *Hoddinott*, where the parties' consent judgment specifically dismissed with prejudice any claims based on physical violence, is distinguishable here. *Hoddinott v. Hoddinott*, 17-0841 (La. App. 4 Cir. 8/1/18), 253 So. 3d 233, 235. The instant Consent Judgment specifies that the 22nd Judicial District Court is ruling on "motions filed by both parties regarding custody of the minor children." Rec. Doc. 14-6 at 1. There is no mention in that document of plaintiff's tort claims. Moreover, the final sentence of the Order states, "**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties defer any issues related to support and any issue not resolved herein to the Hearing Officer Conference." This statement alone alludes to various issues being left unresolved within the Consent Judgment.

While somewhat convincing, defendants "protective order dismissals" argument unresolved issues. *See* Rec. Doc. 19 at 8-13. The petition for protection filed under Docket Number 2018-13606 was dismissed with prejudice on September 20, 2018. This judgment contains the hearing officer, Dan G. Foil's, note which states, "petitioner dismissed pursuant to consent judgment." Rec. Doc. 19 at 10. Again, the Consent Judgment alludes to various issues being left unresolved and specifically does not address the tortious behavior of the defendant. Additionally, the petition filed under Docket Number 2018-13765 contains language suggesting it was dismissed without prejudice by Judge Dawn Amacker. Rec. Doc. 19 at 11. Although it could be argued that this dismissal was with prejudice, due its placement under the "WITH PREJUDICE" heading, the judge's handwritten phrase, "petitioner dismissed w/out prejudice . . ." cannot be ignored. Rec.

8

Doc. 19 at 11. Therefore, from the pleadings asserted and without more, we cannot definitively state at this time that plaintiff's tort claims were definitively dismissed with prejudice within the divorce proceedings.

Regarding the fourth element of res judicata, courts must determine if the new claim arises out of the same claim or cause of action. To do this, courts apply the "transactional test." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). The Fifth Circuit Court has described the transactional test as a determination of whether two actions are based on the "same nucleus of operative facts." *Id.* Therefore, the facts contained in each complaint must be examined to determine if they arise out of the same transaction or series of transactions which arise from the same nucleus of operative facts. *Id.*

Defendants do not appear to contest this prong of the res judicata analysis. *See* Rec. Docs. 14 and 19. Their argument relies on the tort claims being adjudicated through the Consent Judgment and protective order dismissal rulings. *Id.* Arguably, divorce proceedings often implicate various legal issues, and the resolution of a singular issue, such as custody, does not operate to fully adjudicate all outstanding matters. For example, here, after being represented by Jesse P. Lagarde, Esq. in the Consent Judgment and protective order dismissals, plaintiff hired defendants to represent her interest in the on-going divorce and child custody proceedings. Rec. Doc. 37 at 4-6.

However. this Court must also consider collateral estoppel, as a party not estopped under true res judicata may still be estopped under the doctrine of collateral estoppel. The Fifth Circuit states that "[t]he rule of *res judicata* encompasses two separate but linked preclusive doctrines: (1) true *res judicata* or claim preclusion and (2) collateral estoppel or issue preclusion." *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) (citing *St. Paul Mercury*

*Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000)). When giving preclusive effect to a state court judgment, a federal court must apply the issue preclusion rules of the state. *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). Here, because the divorce judgment is from Louisiana courts, Louisiana issue preclusion rules apply. Collateral estoppel requires three elements: "(1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *See, e.g.*, *St. Bernard Citizens for Env't Quality, Inc. v. Chalmette Ref., L.L.C.*, 500 F. Supp. 2d 592, 603 (E.D. La 2007); *see also Petro-Hunt, L.L.C.*, 365 F.3d 385 at 397; La. Stat. Ann. §13:4231 (2024). Issue preclusion may apply even if the claims and the subject matter of the suits differ. *Next Level Commc'n LP v. DSC Commc'n Corp.*, 179 F.3d 244, 250 (5th Cir. 1999) (citation omitted). However, issue preclusion does not preclude litigation of an issue where both facts and legal standards used to determine an outcome are not the same in both proceedings. *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415 (5th Cir. 1995) (citation omitted).

Collateral estoppel fails to preclude the instant claims because it remains unclear at this time whether the tort issue was not raised, contested, or submitted for determination by the state courts, or determined through the Consent Judgment or protective orders. *In re Keaty*, 397 F.d 264, 272 (5th Cir. 2005). As the Fifth Circuit explained in *Keaty*, collateral estoppel only applies if the Louisiana district court made "specific, subordinate, factual findings on the identical . . . issue in question"—that is, an issue which encompasses the same prima facie elements as the issue before this Court. *Donahue v. Strain*, 15-6036, 2017 U.S. Dist. LEXIS 122069, at *11-13 (E.D. La. Aug. 3, 2017) (Morgan, J.) (citing *In re Keaty*, 397 F.d 264, 271-273 (5th Cir. 2005)). Here, based on the bare pleadings, it is not conclusive that the tort claims against the ex-husband

10

were litigated before any of the courts who issued judgments in her divorce. The state court records from the divorce actions lack clarity. Albeit barely, plaintiff's claims withstand a 12(b)(6) challenge.[1] *Iqbal*, 556 U.S. at 678.

Based on today's status conference with parties' counsel of record, **IT IS FURTHER ORDERED** that fact discovery deadlines are extended to the final pretrial conference date to allow the taking of depositions of the parties and possibly one other witness. The Court is not inclined to allow experts at this late date, especially since neither side indicated retention or exchange of expert reports to date.

New Orleans, Louisiana, this 1st day of May, 2025

SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The assumption that an abused person was not aware of a right to sue their abuser requires an extraordinary leap of faith. While mostly presented in other contexts, e.g. criminal cases regarding knowledge of the accused, ignorance of the law is still in some instances a viable consideration in civil actions. Neither side has raised the latter issue. Before proceeding to trial, briefings from parties may be appropriate to address same. Compare for instance the following Copyright cases on burden of proof: A requirement to know the law is ordinarily satisfied by constructive knowledge, cf. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L. P. A.*, 559 U.S. 573, 584, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010), because "actual knowledge of illegality" can be "difficult or impossible" to prove, *Ratzlaf v. United States,* 510 U.S. 135, 162, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) (Blackmun, J., dissenting). … A "knowledge" requirement, by contrast, often encompasses actual and constructive knowledge. *See Intel Corp. Investment Policy Comm. v. Sulyma*, 589 U. S. ——, —— – ——, 140 S.Ct. 768, 776–77, 206 L.Ed.2d 103 (2020). Actual knowledge was required in *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 142 S. Ct. 941, 211 L. Ed. 2d 586 (2022).

11